**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3670-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THOMAS J. D'AMICO,

    Defendant-Appellant.

_____

Argued March 10, 2020 – Decided May 14, 2020

Before Judges Accurso and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 00-06-0676.

Adam W. Toraya, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Adam W. Toraya, on the brief).

Milton Samuel Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause of respondent (Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney; Milton Samuel Leibowitz, of counsel and on the brief).

PER CURIAM

Defendant Thomas J. D'Amico appeals from the November 3, 2017 order dismissing his second petition for post-conviction relief (PCR), filed seven years after the denial of his first petition. He claims the attorney who represented him on his direct appeal and first PCR application rendered ineffective assistance of counsel by not arguing that he was denied a fair trial by the judge's failure to charge the jury, sua sponte, on passion/provocation manslaughter. The trial court dismissed the claim as time-barred. We agree and affirm.

The facts of this brutal killing are fully set forth in the consolidated opinions of this court in State v. Castagna, 376 N.J. Super. 323, 336-51 (App. Div. 2005), where we reversed the convictions of defendant and two co-defendants, Jean Morales and Josephine Castagna, and the Supreme Court, which reversed our decision as to defendant and Castagna, but affirmed our decision that Morales should receive a new trial, State v. Castagna, 187 N.J. 293, 300-03 (2006). We do not repeat those facts here, but note only that defendant, an off-duty police officer, was part of a mob that chased and savagely beat the victim before Morales, who was convicted of murder in the

2

first trial, dropped a twenty-five pound Belgian block on his head as he lay helpless on the ground.  Castagna, 376 N.J. Super. at 331, 341-42.

Defendant was convicted of first-degree aggravated manslaughter, by recklessly causing the victim's death under circumstances manifesting extreme indifference to the value of human life, N.J.S.A. 2C:11-4(a); and two counts of second-degree official misconduct, N.J.S.A. 2C:30-2(a), but acquitted of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2).  Id. at 332.  He was sentenced to twenty years in prison for the manslaughter, subject to the periods of parole ineligibility and supervision required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and to a consecutive seven-year term for the official misconduct.  Ibid.

Defendant filed his first petition for PCR in 2007, which the court denied following a four-day evidentiary hearing.  State v. D'Amico, No. A-3187-07 (App. Div. May 3, 2010) (slip op at 8).  Defendant, who was represented by the same private counsel who represented him on direct appeal, did not include trial counsel's failure to seek a passion/provocation charge among his several claims of ineffective assistance, notwithstanding his obvious awareness of Morales' success in obtaining a new trial on that ground.  Id. at 8-

9. We affirmed, id. at 1, and the Supreme Court denied defendant's petition for certification, State v. D'Amico, 205 N.J. 79 (2011).

Defendant filed a habeas petition, which the district court likewise denied. D'Amico v. Balicki, No. 11-4168 (SDW) (D.N.J. Sep. 6, 2012). The Third Circuit affirmed, D'Amico v. Balicki, 592 F. App'x 76 (3d Cir. 2014), and the United States Supreme Court denied defendant's petition for certiorari, D'Amico v. Holmes, 135 S. Ct. 2362 (2015).

Two weeks before the United States Supreme Court rendered its decision on defendant's petition for certiorari, defendant filed a second petition for PCR, alleging, among other things, that his appellate counsel was ineffective for failing to argue the "clearly meritorious claim" of trial counsel's failure to seek a jury instruction on passion/provocation manslaughter, the claim which had secured Morales a new trial. He also claimed his first PCR counsel, the same lawyer who represented him on direct appeal, failed to advise him that "[counsel] could not raise an ineffective claim against himself," entitling defendant to a new PCR hearing based on his counsel's conflict of interest. Further, he asserted those claims "should not be time-barred" because they couldn't have been raised previously. Alternatively, defendant argued that should the court find the claims could have been raised previously, that failure

provided additional support for his claims of ineffective assistance of counsel on the part of appellate and PCR counsel.

The trial court appointed counsel for defendant, who filed a brief on his behalf. In addition to arguing that defendant received ineffective assistance on direct appeal and on his first PCR, counsel also argued that defendant's claims were not procedurally barred, including time-barred under Rule 3:22-12. Specifically, counsel argued defendant had "established excusable neglect sufficient to overcome the filing of his petition one year late."

Second PCR counsel argued defendant sought to have the failure to charge passion/provocation manslaughter "raised at an earlier time," but his prior counsel "insisted on raising only issues regarding trial counsel," and that it was "fundamentally unfair" to impose a procedural bar where defendant's counsel "failed to raise a critical issue and then tried to hide that failure for ten years." In a supplemental brief, counsel argued that appellate counsel's response to defendant's inquiry as to whether counsel had erred on direct appeal by not raising the jury charge issue Morales successfully asserted — that if defendant "thinks we did something wrong, he is going to have to find other counsel" — was "clear ineffective assistance of counsel."

A-3670-17T3

The trial court denied defendant's petition following argument. In a written opinion, the judge noted that pursuant to Rule 3:22-12(a)(2), no second or subsequent petition for PCR, "[n]otwithstanding any other provision in [Rule 3:22-12], . . . shall be filed more than one year after the latest of . . . C) the date of the denial of the first . . . application for post-conviction relief" where the defendant alleges ineffective assistance of counsel representing him on that petition. R. 3:22-12(a)(2)(C). The court found defendant's second petition alleging ineffective assistance of first PCR counsel was filed seven years and four months after his first petition was denied. Because Rule 3:22-4(b)(1) mandates dismissal of a second petition unless timely filed under Rule 3:22-12(a)(2), and there is no "fundamental injustice" exception for second petitions, unlike in Rule 3:22-12(a)(1)(A), the court dismissed defendant's second petition as time-barred.

Defendant appeals, raising the following arguments:

> POINT I:
>
> THE TRIAL COURT MISAPPLIED ITS DISCRETION IN APPLYING R. 3:22-4(b) AND R. 3:22-12(a) (2) AS PROCEDURAL BARS AGAINST THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF IN THIS CASE.
>
> A. Defendant has a vested right to file a second PCR and have it heard under the excusable neglect

and fundamental injustice standard because his first PCR attorney failed to provide him a true first application for post conviction relief.

B. The trial court misapplied its discretion in failing to consider the exception under R. 3: 22-12 (a)(2)(b) where the one year time limit starts to run upon discovery of-the factual predicate for the relief sought.

C. The trial court misapplied its discretion in failing to consider the exception under R. 3:22-12 (a)(2)(c) where the one year time limit starts to run after the denial of the first PCR petition where ineffective assistance of counsel is alleged.

D. The trial court misapplied its discretion in finding that there is no injustice exception for a second or subsequent filing for petition for post conviction relief.

E. Enforcement of the procedural time bar in this case would force the court to acquiesce to an injustice and deny defendant his constitutional right to the effective assistance of counsel and his constitutional right to a fair trial.

POINT II:

THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION IN HIS CASE.

We reject defendant's arguments as plainly without merit. See R. 2:11-3(e)(2).

7

The trial court was correct that Rule 3:22-12(a)(2) expressly limits the time in which a second petition for PCR alleging ineffective assistance on the first petition can be filed to one year following the denial of the first petition. Amendments to the rule make clear beyond question that the one-year limitation for second or subsequent petitions is non-relaxable. See R. 3:22-12(b); R. 3:22-12(a)(2); R. 3:22-4(b); State v. Jackson, 454 N.J. Super. 284, 293 (App. Div.), certif. denied, 236 N.J. 35 (2018); see also R. 1:3-4(c). Rule 3:22-4(b)(1) mandates dismissal of a second petition if untimely under Rule 3:22-12(a)(2).

Application of those rules here makes plain the trial court was correct in dismissing defendant's second PCR petition as untimely, and that defendant's arguments to the contrary are without merit. The rules regarding second PCR petitions establish that the trial court was without discretion to consider defendant's arguments due entirely to defendant's late filing. Accordingly, we affirm the dismissal of defendant's second PCR petition for the reasons expressed in Judge McDaniel's November 3, 2017 opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8